OF

# PENNSYLVANIA.

2  67
143  407
2  67
160  267

EASTERN DISTRICT, DECEMBER TERM, 1845.

PHILADELPHIA.

---

## STICKNEY v. BORMAN.

1. Conveyance by husband to wife void at law.
2. Equity will not aid, in favour of purchaser under such deed, against assignee of an heir, where the provision was unfair or unreasonable as to husband's creditors.
3. Valuable or meritorious consideration and fairness essential to obtain the aid of chancery to perfect a conveyance void at law.—Per ROGERS, J.

APPEAL from Nisi Prius.

*Dec.* 8.—In ejectment, for an undivided sixth of a lot on Seventh street, the plaintiff showed a deed, in 1801, to Jacob Belsterling, the father of John F., reserving a ground-rent; the will of Jacob, in September, 1815, whereby he devised the residue of his estate, among his seven children in fee, of whom John F. Belsterling was one; the discharge of John F., as an insolvent debtor, in Oct. 1836. In the schedule, annexed to his petition, this property was mentioned, and plaintiff was appointed trustee.

The defendant gave in evidence a deed, called an indenture, dated October, 1801, between John Belsterling and his wife, whereby Jacob, in consideration of natural love and affection, conveyed the lot to his wife in fee, subject to the ground-rent, with a covenant against himself and his heirs. He then proved that John F. Belsterling was not a son of the wife named in this deed, but of a second wife. There was evidence of John Belsterling being indebted at the date of this deed. The jury found a verdict for the plaintiff; to be set aside, and verdict

67

and judgment entered for defendant, if, on argument, the court should decide in favour of defendant. The court entered judgment for defendant, and this appeal was taken.

*Brightly* and *H. M. Phillips*, for appellant, argued that the deed was not a legal conveyance, and there was no equity in the wife, as her husband was then embarrassed, and it was in fraud of creditors; the onus of showing any equity was on defendants; and cited 1 Greenl. 398; 3 Greenl. 64; 1 Day. 385; 3 Monr. 33; 7 Watts & Serg. 238; 7 Serg. & Rawle, 60; 10 Peters, 513, 94; 6 Wend. 13; 2 Iredell Dig. 540.

*Keenelé* and *Randall*, for defendants. The wife may purchase, without a trustee, from husband; 6 Whart. 576; 5 Watts & Serg. 499. It being good between the parties, the plaintiff, claiming under one of them, could not object to it, as he was not a creditor of either. 7 Watts & Serg. 238; 2 Serg. & Rawle, 539; 2 Halst. 142; 5 Day, 47; 2 Roper, Husband and Wife, 152, 174–176, 289; 17 Serg. & Rawle, 361; Clancy, 20–29; 3 Rawle, 199; 4 Whart. 500.

*Dec.* 17. ROGERS, J.—As the legal existence of the wife is merged in the husband, a conveyance by the husband to the wife, without the intervention of a trustee, is void at law; and in equity, courts frequently refuse to lend assistance to such a deed, or to any agreement between them. Of this many instances are given in Sheppard *v.* Sheppard, 7 Johns. C. R. 60, where the cases are fully reviewed. But there are cases, where a court of chancery will not refuse its aid, as when the grant to the wife is nothing more than a reasonable provision for her, taking the circumstances of the husband at the time into consideration. Or, as in the case of the Lady Arundel *v.* Phipps, 10 Ves. 146, where it was held, that a husband and wife, after marriage, could contract, for a bonâ fide and valuable consideration, for a transfer of property from the husband to the wife, or to trustees for her. There must be some meritorious or valuable consideration, either before or after marriage, to induce the court to lend its aid to a defective and void conveyance. The conveyance from Jacob Belsterling, to his wife Marie Magdalen, was utterly void at law; and have such circumstances been shown, as will warrant the interposition of a court of equity? An attempt has been made to prove that the wife possessed property at the time of the intermarriage, and that this was the consideration of the conveyance; but the evidence on this point is too loose and indefinite to lay the foundation of equitable relief; besides, the provision made for the wife is unreasonable; for at the

time of the conveyance, as appears from the defendant's own evidence, the grantor was largely indebted in proportion to his means. · Indeed, we are not without reason for believing, that the conveyance was made in fraud of creditors. When a person ʼasks the aid of a court of equity, he must come into court with clean hands. There is no instance, where a court of equity has lent its aid to a defective or void conveyance, where the applicant claims through the medium of a fraud. If made to defraud creditors, (which there are grounds to believe,) she was a party to it; and the defendant claiming under her, with notice of the defect, which is apparent on the face of the title papers, is not entitled to relief. Every point in the case is at war with the notion that she, or the person who stands in her place, is entitled to favour. At the time of the conveyance the husband was largely indebted; it cannot come, therefore, within the class of cases where the court relieve because it is but a reasonable provision. She can claim no equity for the amount of property brought by her, to her husband, at the time of the marriage, for on that point the evidence is slight; and above all there are the best reasons for thinking, it was a mere contrivance to delay, hinder, and defraud creditors. The maxim that a man must be just before he is generous, is grounded in morals as well as law. It appears that the husband continued to occupy the property as his own, and after his death a subsequent wife came in and occupied the estate as the representative of her deceased husband.

> Judgment reversed, and judgment for the plaintiff for the one-sixth part of the premises described in the writ of ejectment.