# Flick *versus* Devries *et al.*

*Presumption of ownership of personal property as between husband and wife.*

1. Unless there is clear and satisfactory proof that goods purchased by a married woman were paid for out of her own separate estate, the presumption of law is that they were paid for out of means furnished by the husband.

2. Hence where, in an interpleader issue to try the title to goods levied on as the property of the husband, but claimed by the wife, the evidence of her separate ownership of money was remote and there was no proof that what was received, long before, purchased either the goods levied, or those which were first traded with, it was not error to withhold the case from the jury and to instruct them to find for the execution-creditors the defendant in the issue.

ERROR to the Common Pleas of *Somerset county*.

This was an issue under the Sheriff's Interpleader Act, in which Eliza Flick was plaintiff, and Devries, Stephens & Thomas defendants, and which was awarded by the court to try the ownership to certain personal property which had been taken in execution as the property of Daniel Flick (husband of the plaintiff in the issue), at the suit of the defendants.

Daniel Flick, prior to 24th August 1857, was engaged in the business of a country merchant; but on that day, finding himself in failing circumstances, made an assignment of all his property real and personal to John O. Kimmell, in trust for the benefit of his creditors. Messrs. Devries, Stephens & Thomas were creditors of Flick's at this time, and received sundry *pro rata* dividends on their claim out of the assigned estate. Flick proved to be insolvent—only a certain rate per cent. having been paid.

In the spring of 1859, Mrs. Eliza A. Flick, wife of Daniel Flick, went to the eastern cities and purchased goods and organized a business in the town of Somerset, by means which she alleged she owned in her own right. This business, which was one of selling oysters, candies, and liquors, somewhat on the style of a country restaurant, was continued by her up to the time of the levying upon the goods, which constituted the cause of action in this case.

Daniel Flick, the husband, from the time of the organization of the business by the wife up to the present, continued to live with her, and his personal services were given to the business in selling goods, &c., on one or more occasions going East and purchasing goods, which was always done in the name of the wife. The wife also gave her attention to the business and frequently went to the cities to purchase goods. The stock was kept up by the original capital, investing and repurchasing with the proceeds of the sales.

Out of the proceeds of former sales the last lot of goods were laid in by Mr. Daniel Flick for his wife, buying the goods for her and on

[Flick *v.* Devries *et al.*]

her account. The goods always came to Somerset with boxes marked in the name of Eliza A. Flick.

The court below (NILL, P. J.) charged the jury as follows:—

" After carefully considering the law in this case and its application to the facts, we feel it to be our duty to instruct you that the plaintiff has not produced such clear and satisfactory evidence before you as proves that she purchased the articles levied on under the *fi. fa.* in this case, and on which this issue is based, as the law requires her to do; nor has she shown that they were paid out of her own separate funds as clearly and as satisfactorily as she should have done, and hence she has failed to make out her case, and for that reason your verdict should be for the defendants."

Under these instructions there was a verdict and judgment in favour of the defendants. Whereupon the plaintiff sued out this writ, assigning the ruling of the court for error.

*W. J.* and *H. L. Baer,* for plaintiff in error.

*A. J. Colburn,* for defendants in error.

The opinion of the court was delivered, June 29th 1865, by

WOODWARD, C. J.—The infirmity of the plaintiff's case consists in her failure to show that the money she received at various times, several years previously to her setting up the store, went into the purchase of the goods. The receipt of these sums was so long prior to the purchase of the merchandise, that it afforded no adequate ground for a presumption of fact in favour of the wife, and, therefore, there was no error in withholding it from the jury. But in the absence of evidence to raise the presumption of fact, the legal presumption was in favour of the husband's ownership of all chattels in the joint possession of himself and wife, and the court did no more than give effect to this presumption of law.

In the case of Weiman *v.* Anderson, 6 Wright 311, the wife's exclusive ownership of the goods traded with was clearly established, and where that fundamental fact is clearly made out, neither the husband's agency, possession, nor any other accident, will be permitted to divest the wife's right, but when that is wanting, no other foundation of her right can be laid. We require no unreasonable amount of proof. Absolute demonstration is no more to be looked for in this class of cases than in other lawsuits, and where *any* evidence is offered from which the conclusion sought can fairly be deduced, it ought to be submitted to the jury, who often decide on less than demonstrative proofs; but where the only evidence of ownership of money is remote, and there is no proof that what was received, long since, purchased either the goods levied, or those

[Flick *v.* Devries *et al.*]

which were first traded with, it is not error for the judge to with-hold the case from the jury.

If the deed of Flick and wife to Levan, her father, was irrelevant evidence, it was harmless, and its admission is no cause of reversal. The one material question in controversy related to the ownership of the money which established the store, and for want of proof on that point the case was properly ruled.

The judgment is affirmed.