## Myers's Estate.

*Executors and administrators—Account—Opening of confirmation.*

An account of an executrix having been confirmed within a year, an or-·der opening the confirmation and directing a rehearing also made within :that period, is within the power of the orphans' court.

*Executor—When liable for interest.*

Liability of an executrix for interest where there is neglect or misman-:agement is well settled.

An executrix is properly chargeable with interest when she is found by the auditor to have mingled the money of the estate with her own money :and used money in bank for her own private purposes.

*Reopening audit—Discretion of auditor—Review—Evidence.*

It is within the discretion of an auditor not to reopen the audit for the ·introduction of testimony which had been offered at the hearings but withdrawn on objection made. If the evidence was a part of the case in ·chief the time for its presentation had gone by; if it was offered in rebut-tal its admissibility was determinable by the auditor, the exercise of whose discretion is only reviewable in case of abuse.

Argued March 13, 1900. Appeal, No. 29, March T., 1900, by Sarah S. Kistler, executrix of Catharine Myers, deceased, from decree of O. C. Cumberland Co. in distribution. Before

476, (1900).]    Statement of Facts—Arguments.

RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D.. PORTER, JJ.    Affirmed.    Opinion by W. W. PORTER, J.

Petition for bill of review and for rehearing of audit.   Be-- fore E. W. BIDDLE, P. J.

The facts sufficiently appear in the opinion of the court.

*Errors assigned* among others were (1) in striking off the confirmation of the account of S. S. Kistler, executrix of Cath-- arine Myers, deceased.    (6) The learned auditor erred in his fourth conclusion of law as follows: "4. The accountant. should be surcharged with interest on the balance in hands for distribution to legatees from the date of confirmation of account, June 22, 1897, to date of distribution, August 31, 1899."    (11) In entering the following decree: "The auditor· saw and heard the various witnesses and had an opportunity to judge of the respective weight to be given to their testi- mony.    He believed what was said by Mrs. R. S. Waidlich and Mrs. Nannie North, notwithstanding their truthfulness. was impeached by the accountant, and we can see no reason why his findings based thereon should be disturbed.    The auditor also properly dismissed, for causes clearly stated by· him, the motion made on behalf of accountant to open the. audit and take the testimony of Rev. John Kistler and others. We find no error in any of his conclusions either of fact or of law and think they are fully sustained by the evidence in the. case.    And now, December 20, 1899, the exceptions to the. auditor's report are dismissed, the report is confirmed and the. accountant is directed to pay out the fund in his hands in accordance with the schedule of distribution prepared by the auditor."

*R. W. Woods*, for appellant.—It has been ruled, in a line of cases, that an account settled and confirmed can only be re-- viewed for error of law apparent on the face of the record, or for new matter which has arisen since the decree.    As a mat- ter of grace, a review may be granted for new proof, discovered after the decree, which proof could not possibly have been used at the time when the decree was made: Riddle's Est.,. 19 Pa. 431; Russell's App., 34 Pa. 258; Hartman's App.,.

36 Pa. 70; Milligan's App., 82 Pa. 389; Scott's App., 112 Pa. 427.

*W. Rush Gillan*, with him *Wetzel & Hambleton*, for appellees.

OPINION BY WILLIAM W. PORTER, J., April 23, 1900:

The assignments of error in this case are eleven in number. Most of them involve questions of fact, which have been decided by the auditor and approved by the court below. Our examination of the evidence discloses no error based upon the facts warranting a reversal or meriting a discussion.

One or two matters of law are involved in the judgment to be here entered. The facts which invoke the rulings are as follows:

The decedent died February 6, 1897. Her will was admitted to probate February 15, 1897. The appellant is the executrix and a distributee to the extent of one half of the estate. As executrix she filed an account which was confirmed June 22, 1897, having been regularly advertised by the Register. No distribution was then made, because, as alleged, there was a possible outstanding liability on an oral agreement to pay the debt of a third party. On November 14, 1898, a petition was presented by some of the legatees under the decedent's will praying a citation to show cause why the confirmation of the account of the executrix should not be stricken off. After answer filed by the accountant, the court struck off the confirmation, and, on January 19, 1899, referred the account to an auditor. It will be seen that all the proceedings up to the first confirmation were within the year following the decedent's death; that no distribution was made upon the confirmation; and that the reason for deferring distribution was alleged to be a possible liability on the part of the decedent on an oral guaranty of the debt of another. On the facts thus exhibited, the order opening the confirmation and directing a rehearing was well within the power of the court below: Jones's App., 99 Pa. 124; Kinter's App., 62 Pa. 318; Meckel's App., 112 Pa. 554.

The next proposition of law raised by the assignments of error is that the executrix was not liable for interest on the funds in her hands. The auditor finds that the accountant seems " to have mingled the money of the estate with her own

money and used money in bank for her own private purposes;" and adds her explanation to his finding. In the conclusions of law the auditor finds that "the accountant should be surcharged with interest on the balance in her hands for distribution to legatees from the date of confirmation of the account, June 22, 1897, to date of distribution, August 31, 1899." From these findings, after a reading of the testimony, we think that the surcharge for interest was properly made. Liability of an executor for interest where there is neglect or mismanagement, is well settled; and the rule is always enforced where the executor has used the moneys of the estate for his own gain. There is no recognized precedent nor existing rule of law by which, in such case, liability for interest may be evaded: Norris's App., 71 Pa. 106, 123; Clauser's Est., 84 Pa. 51.

After the audit was concluded, the accountant requested a reopening in order to introduce the testimony of her husband. This was refused, and the refusal of the auditor seems to be based in part upon the ground that the husband was not a competent witness. Eliminating this consideration, the auditor had the right to refuse the motion. The husband had been offered as a witness at the former hearing and withdrawn upon objection made. The record does not show that the auditor was required to rule on the competency of the witness. Opportunity had been afforded for the presentation of the testimony. If the evidence was a part of the case in chief, the time for its presentation had gone by. If it was offered in rebuttal, its admissibility was determinable by the auditor, the exercise of whose discretion was only reviewable in case of abuse. A petition was also presented to the court below asking that the audit be reopened and that leave be given to introduce further testimony. This was refused by the court at the time of passing upon the exceptions to the auditor's report. It was, we believe, rightly refused.

Finding no error committed, the decree of the court below is affirmed.