## Rhinesmith's Case.

*Auditors—Opening case—Additional testimony—Discretion.*

In a proper case upon a cause shown, it is within the sound discretion of an auditor to open the case to hear additional testimony after final arguments of counsel, and before his report is prepared.

*Husband and wife—Claim of wife against husband's creditors—Evidence.*

The claim of a wife against her husband's creditors must be established by clear and full proof that the property claimed was paid for out of her own separate estate; that she had the means of paying is not sufficient: it must appear that payment was made in fact. If the evidence is not only not clear, but contradictory, the claim should be excluded.

Argued March 15, 1904. Appeal, No. 16, March T., 1904, by Mary Rhinesmith, from order of C. P. Cumberland Co., Nov. T., 1902, No. 45, sustaining exceptions to auditor's report in the matter of Mary Rhinesmith. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of J. M. Rhey, Esq., auditor.
The facts appear by the opinion of the Superior Court.

*Errors assigned* were in sustaining exceptions to auditor's report.

*J. W. Wetzel*, of *Wetzel & Hambleton*, for appellant.—The finding of a fact by an auditor should not be reversed except for plain error: Emanuel's Est., 13 Pa. Superior Ct. 43; Wendt's Est., 14 Pa. Superior Ct. 644; Orne's Est., 192 Pa. 626; Platt-Barber Co. v. Groves, 193 Pa. 475.

No definite standard of proof exists by which to fix the liability of a husband for moneys received from a wife, except that the proof must be sufficient to satisfy the court that it preponderates over all theories to the contrary: Martin's Est., 6 Pa. Dist. Rep. 58.

*C. C. Bashore*, with him *Robert McCachran*, for appellees.— Evidence that the wife purchased the property amounts to nothing unless it be accompanied by clear proof that she paid for it by her own separate estate. In the absence of such proof the presumption is a violent one that her husband furnished the means of payment: Gualt v. Saffin, 44 Pa. 307; Taylor v. Paul, 6 Pa. Superior Ct. 496; Hoar v. Axe, 22 Pa. 381; Auble v. Mason, 35 Pa. 261; Tripner v. Abrahams, 47 Pa. 220; Earl v. Champion, 65 Pa. 191; Duncan v. Sherman, 121 Pa. 520; Hart, Lee & Co.'s App., 157 Pa. 200; Billington v. Sweeting, 172 Pa. 161; Jack v. Kintz, 177 Pa. 571; Shober v. Harrison Bros. & Co., 3 Pa. Superior Ct. 188.

OPINION BY HENDERSON, J., May 10, 1904:

We are not prepared to hold that the auditor exceeded his authority in opening the case to hear additional testimony, before his report was prepared and that he was without power to reopen the audit after the final arguments of counsel. In a proper case upon cause shown, it is within the sound discretion of the auditor to hear additional evidence to the end that justice may be done the litigating parties. As much was practically held in Myers's Estate, 13 Pa. Superior Ct. 476.

The learned judge of the court below was of the opinion however that the appellant's case failed on its merits and with that conclusion we agree. In many cases it has been held that the claim of a wife against her husband's creditors must be established by clear and full proof that the property claimed was paid for out of her own separate estate. That she had the means of paying is not sufficient. It must appear that payment

was made in fact. The authorities on this subject are reviewed and considered in a clear and convincing opinion by the president of this court in Taylor v. Paul, 6 Pa. Superior Ct. 496, and any further examination of them is rendered unnecessary. An inspection of the appellant's evidence satisfies us that her case is not made out by that " clear and satisfactory evidence " which the law requires. Conceding that she was the owner of the land sold to William Robertson, which fact is sufficiently established, it does not clearly appear that she loaned to her husband all of the purchase money from that sale. According to the appellant's statement, $200 of the purchase money were paid in hand and a mortgage given for the balance, which mortgage was paid about a year afterward. It would appear from her testimony that she took the note from her husband when the property was sold. If she meant by that, when the first payment was made, she did not have the money to lend. If she referred to the period " about a year afterward," the note was given before all of the payments of purchase money were made. According to the testimony of Mr. Robertson, three judgment notes were given for the deferred payment payable at intervals of a year, the last of which was paid " about 1889," three years after the time when the note was given to the appellant as apparently fixed by her. Two hundred and sixty-four dollars of this purchase money were paid by the appellant to her sister, Mrs. Walls, and no explanation is given from which it can be learned that she received a similar amount from any other source to lend to her husband. No corroborating evidence is given in support of the loan to the husband, and the case stands, therefore, on the testimony of the appellant herself. We do not wish to be understood as holding that corroborating evidence is necessary in all cases to make out the claim of a wife under such circumstances. The evidence of the claimant might be so clear, coherent and consistent as to satisfy the court that her claim was meritorious. But where, as in this case, the evidence is not only not clear, but contradictory, under all the authorities the claim should be excluded. In such cases the wife must establish her title by a higher degree or quality of proof than is required of a stranger: Duncan v. Sherman, 121 Pa. 520; Billington v. Sweeting, 172 Pa. 161.

Inasmuch then as the evidence presented to the auditor when the case was reopened was not sufficient to establish the appellant's claim, we agree with the conclusion reached by the court below.

The decree is affirmed.