# Heiges, Appellant, *v.* Pifer.

*Husband and wife—Wife's property—Proof of title—Evidence.*

1. A wife claiming property acquired during coverture against her husband's creditors is required to substantiate her claim by proof sufficient to repel all adverse presumption. But the law does not require proof of such a character as to relieve from every doubt, but only proof that is clear and satisfactory. A mere doubt will not operate to defeat the wife's claim. She must, however, show that the property itself is her separate property by gift, descent or otherwise, or that the money which she put into the property was her own money, or obtained upon her own credit, and that it was not the property or money, or credit of her husband. This she must show by proof that is clear, full and satisfactory.

2. In a contest between a wife claiming property as her own, which had been sold as her husband's, the wife produced testimony of which there was no direct contradiction that she had written to her brother-in-law requesting a loan of money with which to buy the land; that in reply he had written to her inclosing his check to her order for the amount of purchase money required; that she had indorsed this check and delivered it to her vendor in payment at the time of the execution of the deed. Her letter of request, the reply thereto, and the check were produced, and it was shown beyond doubt that the check was used in payment. *Held,* that the testimony made out a case for the wife which was essentially for the jury.

Argued April 21, 1909. Appeal, No. 49, Jan. T., 1909, by plaintiffs, from judgment of C. P. Clearfield Co., Sept. T., 1907, No. 86, on verdict for defendants in case of Daniel Heiges et al. *v.* Agnes J. Pifer et al. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Ejectment for land in Dubois borough. Before A. O. SMITH, P. J.

The opinion of the Supreme Court states the case. ·

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in submitting the case to the jury.

*Thomas H. Murray,* of *Murray & O'Laughlin,* with him *Pentz & Calkin,* for appellants.

*A. L. Cole*, for appellees.

PER CURIAM, May 10, 1909:

This was an action of ejectment brought by the heirs of a purchaser at a sheriff's sale. The title to the land was in a married woman and the sale was under an execution on a judgment against her husband. The only question presented by the appeal is whether the court erred in not directing a verdict for the plaintiff because of the insufficiency of the testimony produced by the defendant to sustain her title. She was incompetent as a witness because of the death of parties in interest. In support of her title it was shown by testimony of which there was no direct contradiction that she had written to her brother-in-law requesting a loan of money with which to buy the land; that in reply he had written to her inclosing his check to her order for the amount of purchase money required; that she had indorsed this check and delivered it to her vendor in payment at the time of the execution of the deed. Her letter of request, the reply thereto, and the check were produced and it was shown beyond doubt that the check was used in payment. This testimony made out a defense that was essentially for the jury.

It is an established rule of evidence that a wife claiming property acquired during coverture against her husband's creditors is required to substantiate her claim by proof sufficient to repel all adverse presumptions. But the law does not require proof of such a character as to relieve from every doubt but only proof that is clear and satisfactory. A mere doubt will not operate to defeat the wife's claim: Tripner v. Abrahams, 47 Pa. 220; Flick v. Devries, 50 Pa. 266; Earl v. Champion, 65 Pa. 191. In submitting the case it was said by the learned judge: "Now, the law applicable to this case, as we understand it, is that in all such contests, where the creditors of the husband are claiming property against the wife, the burden is on her to show that the property itself was her separate property, by gift, descent or otherwise, or that the money which she put into the property was her own money or obtained upon her own credit, and that it was not the prop-

erty or money or credit of her husband. This she must show by proof that is clear, full and satisfactory." This instruction stated the rule clearly and it was all the plaintiff was entitled to.

The judgment is affirmed.