# Cross, Appellant, *v.* Wyoming Valley Beef Company.

*Husband and wife—Claim of wife against husband's creditors—Fraud—Interpleader.*

1. A wife cannot claim as against her husband's creditors property which he had used in his business and which he had transferred to her by bill of sale, where the wife's claim is based merely on the fact that she had worked for her husband in his business, but without any proof that he had ever agreed to pay her wages for her work.

2. While it is not the province of the court on a preliminary inquiry as to the granting of an issue on an interpleader, to pass on the merits of the case, it is not the duty of the court to award such issue where it appears that the claim is colorable or fraudulent in law.

Argued March 3, 1914. Appeal, No. 19, March T., 1914, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1913, No. 652, discharging rule for an interpleader in case of Grace A. Cross v. The Wyoming Valley Beef Company. Before Rice, P. J., Orlady, Head, Porter, Henderson, Trexler and Kephart, JJ. Affirmed.

Rule for interpleader.

O'Boyle, J., found the facts to be as follows:

In the above-entitled case it appears from the testimony taken in support of and opposition to the granting of an issue to determine the ownership of certain property levied upon by the Wyoming Valley Beef Com-

pany against J. H. Cross, that on January 7, 1913, J. H. Cross, the husband of the plaintiff in this action, confessed judgment to the above-named defendant for $187.46 which was a balance due on a book account, for meats furnished to the said J. H. Cross, by the defendant company, said note being payable one day after date, and entered to No. 476, February Term, 1913.

It also appears that on June 5, 1913, the Wyoming Valley Beef Company issued a fi. fa. on said judgment, and Grace A. Cross, the plaintiff above named, being the wife of the defendant in the execution, filed a claim with the sheriff, in which nearly all of the goods levied upon by virtue of said execution, are claimed as her absolute property.

These goods were appraised by appraisers appointed by this court at $704.

On July 16, 1913, a rule was granted to show cause why an issue should not be directed, returnable August 2, 1913, which rule we are now called upon to dispose of.

Depositions were taken on behalf of the claimant and the execution creditor, and it was admitted by the claimant and by her husband, the defendant in the execution, that the goods levied upon were given by the husband to his wife in consideration of the sum of $1.00, as evidenced by bill of sale offered in evidence by the claimant.

J. H. Cross for several years conducted a butcher business at Nuangola, and witnesses were called who testified that he conducted the business in his own name, and made no change whatever either in depositing money in the bank, nor in the manner of conducting his business, after the alleged sale to his wife.

The claimant admits in her testimony, in answer to the question: "You bought all the rest of the goods which you claim here on October 5, 1912, from your husband? A. All from him."

And in reply to the question: "Was the place sold to you or given to you? A. I took it for wages. I have worked in the store all the time and I considered it was

worth something.   Q. Who were you working for?   A. J. H. Cross.   Q. Who is J. H. Cross?   A. My husband."

In reply to a question by counsel for the defendant company, put to J. H. Cross, the defendant in the execution, he testified in answer thereto as follows:

"Q. On October 5, 1912, you practically gave to your wife everything you had?   A. When that man fooled me and didn't send me the meat, I just gave it to her. Q. On October 5, 1912, at the time you transferred these goods to your wife, you owed the Wyoming Valley Beef Co. for a bill of merchandise, a large sum of money? A. Not such a large sum.   Q. Well, $200?   A. I owed them some money, I don't know how much.   Q. Well, $150?   A. Well, about that."

*Error assigned* was order discharging rule for interpleader.

*F. D. Vincent,* for appellant, cited: Doran v. McConlogue, 150 Pa. 98; Troxell v. Stockberger, 105 Pa. 405; Burkle v. Coleman, 50 Pa. Superior Ct. 105.

*David Oppenheimer,* for appellee, cited: Guhl v. Frank, 22 Pa. Superior Ct. 531; Gerlach v. Coates, 44 Pa. 43; Wilson v. Silkman, 97 Pa. 509.

OPINION BY HENDERSON, J., July 15, 1914:

Title to the property levied on by the sheriff is claimed by the appellant by virtue of a bill of sale dated October 5, 1912.   It was property which the appellant's husband had used in his business as a butcher, which business the appellant at the time the bill of sale was made, and afterward, was conducting on her own account.   The plaintiff in the execution was a creditor of the appellant's husband at the time the sale was made, the indebtedness being for meat sold to him.   The consideration stated in the bill of sale is $1.00; the appraised value of the property was $704.

The only other consideration than that recited in the bill of sale was that given by the appellant in her evidence where she said with reference to the acquisition of the property, "I took it for wages. I have worked in the store all the time and I considered it was worth something. Q. Who were you working for? A. J. H. Cross. Q. Who is J. H. Cross? A. My husband." It does not appear from the evidence that any agreement was made for wages nor that any valuation was put on the property. The husband testified that he just gave his wife the property. It is clear, therefore, under the most favorable interpretation of the appellant's evidence that her claim to the property arises solely out of the fact that she had worked in her husband's meat shop for several years and that she considered herself entitled to compensation for that when her husband became embarrassed financially. But a title so acquired cannot be supported against creditors of the husband. At common law the husband was entitled to the services of his wife rendered by her in and about either domestic matters or his business affairs. For such services she had no legal recourse against him or his estate and it was not the effect of the legislation enlarging the rights of married women to deprive the husband of his common law right with respect to his wife's services in connection with his business. Where a married woman carries on any separate estate or independent business or performs any labor or service on her sole and separate account she is entitled to the earnings so acquired, but this does not apply to cases where a wife assists her husband in his business, in the absence of an agreement to that effect. The subject is fully discussed in Standen v. Penna. R. R. Co., 214 Pa. 189, and numerous authorities are cited construing the Act of June 3, 1887, P. L. 332, and the Act of June 8, 1893, P. L. 344. From anything that appears in the case all the services of the wife in connection with her husband's business up to the date of the bill of sale belong to him and there is

no allegation that the husband agreed to compensate her for such services. That he could not give his property away to the prejudice of the execution creditor goes without saying, and as the case was presented to the court at the hearing of the rule the appellant's claim to the property was colorable and collusive. While it is not the province of the court on the preliminary inquiry as to the granting of an issue to pass on the merits of the case it is not the duty of the court to award such issue where it appears that the claim is colorable or fraudulent in law: Book v. Sharpe, 189 Pa. 44. It follows that the refusal of an issue under such circumstances is not an abuse of discretion. The facts presented by the appellant do not establish a prima facie title which could be sustained at a trial.

The action of the court below was proper, therefore, and the order is affirmed.