## Hilton, Appellant, v. Liebig Manufacturing Company.

*Husband and wife—Execution against husband—Claim of property by wife—Evidence.*

Where a wife claims property acquired during coverture against her husband's creditors she is required to substantiate her claim by proof sufficient to repel all adverse presumptions, and clear, full and satisfactory. She is not under the burden of establishing her claim by proof "which does not admit of a reasonable doubt."

Argued Nov. 10, 1914. Appeal, No. 87, Oct. T., 1914, by plaintiff, from judgment of C. P. Lancaster Co., Oct. T., 1913, No. 45, on verdict for defendant in case of A. Belle Hilton v. The Liebig Manufacturing Company. Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ. Reversed.

Sheriff's interpleader to determine the ownership of certain personal property levied upon as the property of Eber E. Hilton, husband of A. Belle Hilton, plaintiff. Before Hassler, J.

At the trial the plaintiff produced evidence tending to show that the property was hers, and that she had

acquired it during coverture from the proceeds of estates which she had inherited from her relatives.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was the affirmance of defendant's second point quoted in the opinion of the Superior Court.

*B. F. Davis*, for appellant.—Proof of ownership in the wife must be clear and satisfactory, sufficient to repel all adverse presumptions, but it need not be so clear that there can be no doubt, nor, if a doubt exists, must it operate affirmatively to induce a verdict against her: Earl v. Champion, 65 Pa. 191; Heiges v. Pifer, 224 Pa. 628; Spering v. Laughlin, 113 Pa. 209.

*John A. Coyle*, of *Coyle & Keller* and *John E. Malone*, with him *J. W. Johnson*, for appellee, cited: Blum v. Ross, 116 Pa. 163; Bollinger v. Gallagher, 144 Pa. 205; Rhinesmith's Case, 25 Pa. Superior Ct. 300.

OPINION BY ORLADY, J., April 19, 1915:

On the trial of an interpleader issue the defendant (execution creditor) submitted a point as follows: "2. In a sheriff's interpleader where the wife of the defendant in the execution claims the goods which are in the apparent possession of the husband, and alleges the husband's position to have been that of her agent or employee, the law will not presume the existence of her separate estate, but she must prove her title by evidence which does not admit of a reasonable doubt, which was affirmed without qualification."

This was a more severe test than is required by the decisions. The rule announced in Heiges v. Pifer, 224 Pa. 628, is the one adopted by our courts, viz.: "It is an established rule of evidence that a wife claiming property acquired during coverture against her husband's creditors is required to substantiate her claim by proof sufficient to repel all adverse presumptions. But the

law does not require proof of such a character as to relieve from every doubt, but only proof that is clear and satisfactory. . . . The burden is on her to show that the property itself was her separate property, by gift, descent or otherwise, or that the money which she put into the property was her own money or obtained upon her credit, and that it was not the property or money or credit of her husband. This she must show by proof that is clear, full and satisfactory."

In Taylor v. Paul, 6 Pa. Superior Ct. 496, this court declared the rule to be: "The property of a husband is not to be covered up or withheld from creditors upon equivocal, suspicious or doubtful evidence of a wife's right to it. The family relation is such, and the probabilities of ownership so great on the part of the husband, that a plain and satisfactory case should be made out before the wife can be permitted to hold property against honest creditors of her husband. The burden of proof is upon the wife claiming under such circumstances, and such proof must be clear and satisfactory." See also Rhinesmith's Case, 25 Pa. Superior Ct. 300.

As stated in Earl v. Champion, 65 Pa 191, "We have said in many cases that the evidence must be clear and satisfactory—clear and full proof—clear and unequivocal—it must exclude reasonable suspicion that the property was the husband's." Cases cited.

The rule has never been enlarged to require the proof necessary to sustain the title of the wife to be of a degree "which does not admit of a reasonable doubt."

In refusing a new trial, the learned judge was of opinion that the plaintiff was not entitled to a verdict under the evidence, but this did not change the error in answering the defendant's second point. It may have determined the verdict and a new trial should have been granted for that reason without any other, as there was no reservation of a question of law.

The judgment is reversed, and a venire facias de novo awarded.