## Beaver's Estate.

*Decedents' estates—Care of deceased during last illness—Compensation.*

An award, by an auditor, of compensation for the care of an old man during his last illness will be sustained, where evidence was produced that there was no relationship between the decedent and the persons who cared for him, nor had their previous conduct and course of dealing been such as to impose upon them any duty to receive him into their home and take care of him. There was no contract between them, nor was there anything in the circumstances from which it could be inferred that, when they received him into their home, they undertook to provide for him and take care of him gratuitously.

In such case, the services performed by one who attended upon the decedent during his last illness were not those of an ordinary house servant, and, therefore, did not come within the rule that such services are presumed to be paid for within fixed periods.

*Auditors—Opening case—Additional testimony—Discretion.*

In a proper case, upon cause shown, it is within the discretion of the auditor to open the case and hear additional testimony, after final argument of counsel, and before the report is prepared.

Argued March 9, 1920. Appeal, No. 5, March T., 1920, by Matthias Beaver and Simon Peter Beaver, heirs-at-law and administrators, from decree of O. C. Union County, Jan. T., 1918, No. 6, in the Estate of Daniel Beaver, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

354, (1920).] Statement of Facts—Opinion of the Court.

Exceptions to auditor's report. Before JOHNSON, P. J.
The facts are stated in the opinion of the Superior
Court.

The court dismissed the exceptions.

*Error assigned* was the decree of the court.

*Andrew A. Leiser,* and with him *Andrew A. Leiser,
Jr.,* for appellants, cited: Mueller's Est., 159 Pa. 590 at
592; Carpenter v. Hays, 153 Pa. 432; Irwin's Est., 225
Pa. 372 at 374; Kœcher's Est., 20 Phila. 71; Carother's
Est., 41 Pa. Superior Ct. 126 at 128; Grossman v. Thun-
der, 212 Pa. 274 at 277; Rosencrance v. Johnson, 191
Pa. 520 at 532; Winings v. Hearst, 17 Pa. Superior Ct.
314 at 318; Riemensberger's Est., 29 Pa. Superior Ct.
596 at 598; Taylor v. Beatty, 202 Pa. 120-125; Hat-
field's Est., 50 Pa. Superior Ct. 450; Carson's Est., 256
Pa. 60.

*Curtis C. Lesher,* and with him *H. M. Showalter,* for
appellee.

OPINION BY PORTER, J., July 14, 1920:
Daniel Beaver was an old man, a childless widower,
living by himself, when seized by the illness which subse-
quently terminated in his death.  The physician who at-
tended him found him to be in bad condition and filthy
and told him, in the presence of a friend, that he must
be removed to some other place.  The decedent expressed
a desire to be taken to the home of Howard W. Baum,
which was near, and his friend so informed Mr. and Mrs.
Baum, who consented to receive him into their home.
The deceased was then taken to the home of Mr. and
Mrs. Baum and there he remained during about twenty-
eight weeks, when he died.  The administrators of his
estate having filed their account, an auditor was ap-
pointed to distribute the balance shown by the account
to be in their hands and Howard W. Baum presented a

claim for boarding and lodging the deceased, while his wife, Maggie L. Baum, presented a claim for nursing the deceased, during his last illness.   Much testimony was taken by the auditor with regard to these claims and after consideration thereof he found that Howard W. Baum was entitled to $6 per week for boarding and lodging the deceased, which amounted to $162.85, and that Maggie L. Baum should be compensated for nursing the deceased during his last illness, at the rate of $10 per week, which amounted to $271.43.   The next of kin, these appellants, filed exceptions to the allowance of these claims by the report of the auditor, which exceptions the court below overruled, and from that decree we have this appeal.

There was no relationship of either affinity or consanguinity between the decedent and the appellees, nor had their previous relations and course of dealing been such as to impose upon the latter any duty to receive into their home and take care of the former.   There was no contract made between them nor was there anything in the circumstances from which it could be inferred that when they received him into their home they undertook to provide for and take care of him gratuitously.   These facts were found by the auditor upon sufficient evidence and concerning them there is no reasonable ground for dispute.   The performance and receipt of services, in such circumstances, raises an implied promise by him who receives to compensate him who performs:   Smith v. Milligan, 43 Pa. 107;   Curry v. Curry, 114 Pa. 367; Griffith's Est., 147 Pa. 274.   The appellants contend, however, that there is a presumption that the services which the appellees rendered to the decedent were compensated by periodical payments and that that presumption must prevail.   There was no contract between the parties nor any course of dealing from which it could be inferred that the appellees were to be paid for the services, which they rendered to this old man in a dying condition, at any particular time, or at any designated rate.

The services performed by Mrs. Baum were not those of an ordinary house servant, and therefore, she did not come within the rule that such services are presumed to be paid for at fixed periods: Ranninger's App., 118 Pa. 20; Lewis's Est., 156 Pa. 337. If the testimony of James H. Walter, an apparently disinterested witness, relating to a conversation which he had with the decedent a few hours before the death of the latter, was to be believed, it was sufficient foundation for a finding that the appellees had not been paid for their services, even if the circumstances had been such as to give rise to a prima facie presumption that they had been paid for at fixed periods. The complaint that the auditor opened the case to hear additional testimony after final argument of counsel, and before his report was prepared, is without merit, the matter was within the sound discretion of the auditor, which was properly exercised: Rhinesmith's Case, 25 Pa. Superior Ct. 300. The specifications of error are all overruled.

The decree is affirmed and the appeal dismissed at cost of the appellant.