## Carpenter & Pierce Company *v.* Rothwell, Appellant.

*Husband and wife—Conveyance of property—Defraud of creditors.*

If claimant's evidence in interpleader is insufficient to warrant submitting the question of ownership to a jury, an issue should be refused and the sheriff directed to proceed on his writ.

In this record the court properly refused an issue, it appearing that a husband had conveyed and transferred all his real and personal property to his wife (except his clothes and tools) without making provision for the payment of this debt and with the understanding that her title was to become absolute when and if she received a divorce in pending proceedings.

Argued April 17, 1926. Appeal No. 6, October T., 1926, by Ruby A. Rothwell, claimant, from decree of C. P. Bradford County, September T., 1925, No. 212, in the case of Carpenter & Pierce Company v. O. L. Rothwell. Before PORTER, P. J., HENDERSON, TREXLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Sheriff's interpleader to determine title to personal property.

Rule to show cause why issue should not be awarded.

The Court discharged the rule. Plaintiff appealed.

*Error assigned* was the decree of the Court.

*J. Roy Lilley,* and with him *William P. Wilson,* for appellant.

*David J. Fanning,* and with him *H. K. Mitchell,* for appellee.

OPINION BY LINN, J., July 8, 1926:

The question is whether goods of a husband in possession of his wife are liable to execution for his debt which antedates the transfer of all his property to her. Plaintiff had judgment against the husband for $150 and levied on personal property in the wife's possession and alleged to belong to the husband. She filed a property claim with the sheriff; a rule for an interpleader was taken, and was discharged after hearing. She has appealed from that order.

The rule of decision to be applied was considered in Gillespie v. Agnew, 22 Pa. Superior Ct. 557, where it was said: "If the facts are undisputed, and the inferences to be deduced therefrom clear and unconflicting, the question of title becomes one of law and is to be passed upon by the court. If the facts are disputed, the parties are entitled to an issue. If the claimant fails to produce evidence sufficient to warrant the submission of the question of his ownership to a jury, the issue should be refused and the sheriff directed to proceed upon his writ." See also Cross v. Wyoming Valley Beef Co., 57 Pa. Superior Ct. 351.

Instead of taking depositions, the parties put the facts in the record by stipulation, together with a contract concerning the domestic relations of husband and wife, a deed and bill of sale. By the deed and the bill of sale, the husband conveyed and transferred to his wife all his real and personal property except his clothes and working tools; both papers were executed pursuant to the contract. Neither his occupation nor the value of the land was stated; the deed recited that he conveyed subject to liens of $1600; the value of the personality was not given, though what was levied on was appraised at $532. The wife was put in possession of the personal property but the deed and the bill

of sale were not delivered to her; they, with the contract, were held in escrow pursuant to the terms of the contract. When these arrangements were made the wife knew of the debt to the plaintiff and she also knew, as the burden of proof was on her and nothing to the contrary appears, that her husband had no property (except his clothes and working tools) which he was not turning over to her, and that he was therefore without property or funds to pay the debt then due.

The contract recited that marital differences had arisen which resulted in their living apart, and that she had begun proceedings for support and for divorce from bed and board, with application for permanent alimony. He agreed to pay a small sum for the support of his children and one-third of his earnings to his wife for her support for a described period. The meaning of the contract is not clear to us but for present purposes it is sufficient to say that until the divorce proceeding is terminated (concerning the validity of which we express no opinion) the wife's title to the property was not intended to be absolute but qualified as specified in the agreement, and to that extent the husband's title was not divested.

Considering, then, that we are dealing with all the husband's property, turned over more or less conditionally to the wife in the circumstances stated, leaving him nothing with which to pay the existing debt of the plaintiff, we inquire to what extent a husband may transfer his property to his wife. " 'A conveyance or transfer in consideration of natural love and affection, as......a conveyance to wife or child, is merely voluntary': 20 Cyc. 490. The maxim referred to in the Alabama case, that 'a man must be just before he is generous,' has frequently been applied in Pennsylvania: see Stickney v. Borman, 2 Pa. 67, 68; Coates et al. v. Gerlach, 44 Pa. 43; Ammon's App., 63 Pa. 284. In these cases, where transfers of property

from husband to wife were alleged as 'unfair and unreasonable' to creditors, the maxim was given force, despite the moral, as well as legal, obligation of a husband to provide for his wife; and our law so heeds the rights of creditors that, in Thompson v. Dougherty, 12 S. &. R. 448, where a man about to enter into a new business transferred approximately half of his property to trustees for the benefit of his wife and children, we said, in setting aside the conveyance: Men, 'under the plea of affection for their wives and children,' cannot 'take away the beds from under the wives and children of their creditors'; which is but another application of the same maxim": Swartz v. Bachman, 267 Pa. 185, 189; see also Cross v. Wyoming Valley Co., supra.

Judgment affirmed.