### Greene v. Keach, Appellant.

Argued November 18, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Meyer Emil Maurer*, and with him *Samuel Halbert*, for appellant.

*Philip Richman*, and with him *William J. Wilson* and *James R. Wilson*, for appellee.

OPINION BY BALDRIGE, J., January 25, 1933:

Anna Keach obtained a judgment against Joseph Greene in the sum of $1,300.54. A fi. fa. was issued, and the sheriff levied upon the household goods and the fixtures and stock in a dry goods store. Irene Greene, wife of the defendant in the execution, filed a property claim for the goods levied upon. An interpleader was framed, and the issue tried before Judge CRANE, of the municipal court, and a jury, which resulted in a verdict in plaintiff's favor. Motions for a new trial and for judgment n. o. v. were dismissed, and this appeal followed.

Joseph Greene had been out of the army but a year when he married the claimant. He did not then have,

nor did he thereafter acquire, independent means. Irene Greene was a bookkeeper and had worked for nine years before her marriage and for one year thereafter and had accumulated money with which she purchased their household property.

The appellant concedes that the jury's verdict as to the household furniture is correct, and the dispute now is confined to the title of the goods and fixtures in the store. The burden was on the claimant to show, by clear and satisfactory evidence, that the property in question was her separate property, and the source of her title: Taylor v. Paul, 6 Pa. Superior Ct. 496, 499; Grandison v. Gregg, 64 Pa. Superior Ct. 70; Heiges v. Pifer, 224 Pa. 628, 73 A. 950. It is unnecessary to recite in detail the evidence adduced in support of the claimant's title, as a review of the testimony reveals that she successfully proved her legal title by the quality and quantity of proof required. Adopting the language of the learned court below, "Title to the real estate on which the business was conducted was in the name of the claimant, the mercantile license was in her name as was also the policy of fire insurance covering the building and contents. Plaintiff was a business woman while her husband was a musician by trade. The money for the purchase of the property, fixtures and stock of merchandise was advanced to claimant by her brother-in-law. The bank account was in the name of the claimant, and an abundance of evidence was offered to establish the fact that she purchased and paid for all merchandise and individually conducted the business. While there was some contradictory evidence, these issues of fact were necessarily for the jury and in the court's opinion, the weight of the evidence justified the verdict rendered."

Judgment affirmed.