## Secretary of Banking v. Promislo

*Abraham Wernick,* for petitioner.
*William Brodsky,* for respondent.

SLOANE, J., July 25, 1941.—This is a petition by claimant in a sheriff's interpleader to file her own bond: Sheriff's Interpleader Act of June 22, 1931, P. L. 883, sec. 5, 12 PS §2362.[1]

---

[1] "If the goods and chattels levied on are found in the possession of the claimant (or his agent or bailee) and not in the possession of the defendant in the execution or process, the court may permit the claimant to file his own bond, upon it being shown that the claimant does not derive his title thereto by, from, or through the said defendant."

Claimant is the wife of the judgment debtor, and, in her petition for leave to file her own bond, avers that the goods levied upon by the execution creditor "belongs to the claimant, she having obtained some items as gifts from her father and others, and other items she purchased from various merchants with her own money. That the claimant did not derive said goods and chattels from the defendant [her husband] nor were the said goods and chattels purchased by her with the moneys of the defendant."

The execution creditor filed an answer, stating simply that "plaintiff has no knowledge or means of ascertaining the truth of the allegations" concerning the ownership of claimant, and demanding proof of such ownership.

Depositions were taken. Claimant was the only witness, and she gave testimony in support of her averments. There were no counter-depositions.

There is but one contention advanced by the execution creditor—the submitted proof of ownership of coverture property was not clear and satisfactory. As put by counsel for the execution creditor:

"It is the contention of the execution plaintiff that the burden of proof is on the claimant, and that a wife claiming property acquired during coverture against her husband's creditors is required to substantiate her claim by proof sufficient to repel all adverse presumptions."

There is no doubt about the principle expressed by this contention,[2] but the execution creditor is premature in asserting it now. The cases affirming the principle are cases which went to trial on the issue. See for example Marko v. Mendelowski, 313 Pa. 46 (1933), (ejectment) ; Heiges v. Pifer, 224 Pa. 628 (1909),

---

[2] We assume for this argument that claimant did acquire the levied property during coverture; claimant testified at the depositions: "Most of them were given to me as gifts when I was married."

(ejectment) ; Earl et al. v. Champion, 65 Pa. 191 (1870), (ejectment) ; Morrison v. Marks et ux., 125 Pa. Superior Ct. 177 (1937), (interpleader) ; Greene v. Keach, 107 Pa. Superior Ct. 546 (1933), (interpleader) ; and Hilton v. Liebig Manufacturing Co., 59 Pa. Superior Ct. 460 (1915), (interpleader).

Under this petition, we do not conclude upon title, for that is the issue to be settled at trial. We act preliminarily. All we do here is to determine whether claimant may file her own bond. That we may permit, under the quoted section, if the levied goods are found in claimant's possession, "upon it being shown that the claimant does not derive [her] title thereto by, from, or through the said defendant."

"Upon it being shown" does not extend itself to mean "upon it being shown by clear and satisfactory evidence", or "upon it being shown unequivocally", or "upon it being shown by proof sufficient to repel all adverse presumptions". Amplified inclusion of that sort is not to be implied or engrafted. Express inclusion was ready and easy if the legislature wanted it. See section 1, where the legislature saw fit to use the words: ". . . showing a prima facie title and right of possession . . ."; 12 PS §2358, last paragraph. Moreover, the consequence of adopting the execution creditor's argument is to obviate a trial in most cases, since, in effect, we would be deciding the issue of title under the petition. That does not appear to be the intention.

It is to be remembered that this section applies to all claimants, not alone to wife-claimants as to property acquired during coverture. Are we then to apply one rule of proof as to the latter, and a less rigorous rule as to other claimants? There is nothing in the section to warrant such division.

In determining whether an issue should be awarded, the applied test has been "to see that the claim is 'not merely colorable, frivolous or collusive, but may be the basis of bona fide suits' ": Lamberton National Bank

v. Kineston, 114 Pa. Superior Ct. 365, 367-68 (1934), where the mother of defendant debtor was claimant. See also Borger v. Jones, 1 D. & C. 757 (1922), where the wife of defendant debtor was claimant, and Carpenter & Pierce Co. v. Rothwell, 88 Pa. Superior Ct. 346 (1926), where an interpleader issue was refused upon undisputed facts and clear inferences that defendant husband had turned over all his property to his wife-claimant, who knew of the debt to plaintiff.

A like rule can be applied upon petition to file one's own bond, where there is no circumstance of countervailing testimony. Under the instant petition (see Anders & Jervis Motor Co., to use, v. Gander et ux., 40 D. & C. 459 (1941)) and the proof, since no counter-depositions were taken, there is sufficient to show a title not derived by or through the husband defendant as required by section 5. That being so, we should allow petitioner to file her own bond.

Rule absolute.