## Shain v. Didio

*Cornelius G. Sullivan*, for plaintiffs.

*William R. Cooper*, for defendant.

GERBER, J., September 19, 1957.—The facts upon which this petition is predicated are in brief as follows:

Defendant, who has a judgment against the husband-plaintiff, caused the sheriff to levy upon certain household goods and effects in premises occupied by the debtor-plaintiff and his wife in an effort to satisfy said judgment, whereupon plaintiffs, husband and wife, filed a property claim with the sheriff, averring ownership of the chattels as tenants by the entireties.

The matter came before a panel of arbitrators on sheriff's interpleader, which panel found for plaintiffs as tenants by the entireties of the property claimed.

Plaintiffs are before this court petitioning for counsel fees to which they claim they are entitled under the

Sheriff's Interpleader Act of June 22, 1931, P. L. 883, sec. 13, found in 12 PS §2370, paragraph 2, which reads as follows:

"If upon the trials of said issue the title to said goods and chattels be found in the claimant, a verdict and judgment *may* be entered against the plaintiffs in the executions or processes for the damages suffered by the claimant by reason of the levies or attachments on same, including the allowance of a counsel fee to be fixed by the court. . . ." (Italics supplied.)

Defendant, execution creditor, contends that section 13 does not impose a mandate or obligation upon the court to fix counsel fees in all instances where claimant is successful, but leaves its application to the court's discretion. Research by counsel for both parties and by the court has failed to reveal a recorded case in which that issue was decided. Nor are there cases in which a claimant was also the judgment debtor in the execution processes. Those cases which say:

"It . . . (is) . . . the duty of the court to fix counsel fee to be allowed the claimant, . . ." (Babis v. New York Extract Co., Inc., 120 Pa. Superior Ct. 73 (1935) ; Fudge v. Scholl, No. 1, 22 D. & C. 42 (1934) ; Morris v. Morris, 4 Schuyl. Reg. 157 (1936), are inapplicable as the above quoted words refer to the issue of whose province it is to fix fees, the court's or the jury's.

We therefore must start by presuming that the legislature intends that its edicts be construed according to the normal usage and meaning of the words they contain. Section 13 uses the word *may* when authorizing the court to award counsel fees to a successful claimant. But, where it authorizes an award of counsel fees to the execution creditor, the word *shall* is used. May and shall have been construed as interchangeable and while both are sometimes obligatory, at other times they are only directory. See 36 Vale (Pa.) 227. Lexi-

cographers generally agree that *may* indicates ability, opportunity, possibility, permission or absence of prohibitory conditions, whereas *shall* indicates a command, obligation, mandate or a must. See Webster's Dictionary; The Oxford English Dictionary.

Therefore, where, in the same section, as to one party, a statute uses a word generally construed to be mandatory, but as to the other party uses a word which is merely permissive, the court must infer that the legislature had distinguished between the litigants and intended that the distinction make a difference. For, if the legislature intended to treat execution creditors and property claimants alike, it could, and probably would, have done so in the same paragraph referring to the party to receive the counsel fees as the prevailing party.

We therefore hold that the awarding of counsel fees to successful property claimants is entirely within the discretion of the court.

Defendant in the present case is still owed a sum of $4,809.11 by the husband-plaintiff. That he was justified in having a levy made upon these goods is clear. He acted in good faith because it is presumed in Pennsylvania that, in the absence of outstanding recorded security interests, where husband and wife live together, the household goods and effects are the property of the husband: King Estate, 387 Pa. 119 (1956); Schwartz Estate, 166 Pa. Superior Ct. 459 (1950); Matheny Estate, 164 Pa. Superior Ct. 18 (1949); Chadwick Estate, 154 Pa. Superior Ct. 157 (1943).

Defendant was justified in bringing the question of ownership to issue as the burden is upon claimant to overcome the presumption: Marko v. Mendelowski, 313 Pa. 46 (1933); Heiges v. Pifer, 224 Pa. 628 (1909).

Therefore, as the awarding of counsel fees to property claimants who are successful in sheriff's inter-

pleader is discretionary with the court and because claimants are not truly independent third parties whom the legislature intended to benefit by section 13, the court will not award counsel fees to plaintiffs.

And now, September 19, 1957, the petition is dismissed.