## NATHANIEL FORD, Administrator, *versus* JAMES FORD

In an action by an administrator upon a promissory note payable to the intestate, the administrator having called as a witness a son of the intestate, who had released to the administrator all his interest as one of the heirs in the note, executed and delivered to him an instrument in writing, not under seal, by which, in consideration of the sum of $50, alleged to have been received of the witness, the administrator agreed to pay all the costs of such action, and to make no claim therefor in any settlement of his administration account or otherwise. It was *held*, that the son was thereby rendered a competent witness.

Before a promissory note, executed by two promisors, and attested by one witness, was delivered to the promisee, the name of another person was added to the note as a witness, without the knowledge of such person ; but it did not appear that this was done by the promisee, and no fraud on his part was suggested. In an action upon such note, it was *held*, that the addition of such name was not a material alteration, and did not render the note void.

The 10th of the Regulæ Generales [16 Mass. R. 373] provides, that " the party producing a deposition may, if he see fit, withdraw it during the same term in which it is originally filed, in which case it shall not be used by either party." And where a number of depositions taken on the part of the plaintiff under the same commission, were fastened, returned and filed together, it was *held*, that the defendant was not entitled to use at the trial such of the depositions as were not read by the plaintiff.

Assumpsit upon a promissory note, dated December 29, 1817, for the sum of $100, payable to the plaintiff's intestate, or his order, on demand, with interest. The note was executed by Samuel Ford and the defendant, and purported to be witnessed by David Ford and Hardin Ford.

At the trial, before *Wilde* J., the plaintiff called, as a witness, Albert Ford, a son of the intestate, who, on February 19, 1830, in consideration of the sum of $50 paid him by the plaintiff, had released to the plaintiff, under seal, all his interest in the note in question, as one of the heirs of the intestate, the same being one fourth part of what should be recovered in the present action.

The defendant nevertheless objected to his competency, on the ground of interest in the event of the suit, it being admitted, that the intestate had left property exceeding the amount of his debts and the charges of administration. The plaintiff thereupon executed and delivered to the witness the following instrument, not under seal, dated February 2, 1835

" Received of Albert Ford fifty dollars, in consideration of which I agree to pay all the costs, charges and expenses,

which may in any way arise or come to or against me, as administrator, or against the estate of his father, of which I am administrator. And I agree never to bring against the estate aforesaid, in any settlement of my administration account, or otherwise, any charge for any of said costs, damages or expenses aforesaid, nor to make any claim therefor, meaning the costs, charges and expenses which may arise or accrue by reason of their prosecution of a suit now pending in the Supreme Court for the county of Norfolk, in my favor, as administrator, against James Ford."

The defendant still objected, that the interest of the witness was not wholly divested by this instrument; but the objection was overruled.

The defendant produced as a witness Hardin Ford, who testified that the name of Hardin Ford upon the note, was not in his handwriting, nor placed there by his authority; and that he knew of no other person of that name. The jury were instructed, that the addition of the name of Hardin Ford to the note as an attesting witness, was not a material alteration thereof, if they believed that David Ford subscribed his name thereto.

The plaintiff had taken a large number of depositions under the same commission, and they were all fastened, returned and filed together. The plaintiff read only a part of the depositions. The defendant then proposed to read the residue. To this the plaintiff objected; and the objection was sustained. The depositions were thereupon cut apart, and those only used which the plaintiff had read.

To these instructions and decisions the defendant excepted.

The jury returned a verdict for the plaintiff.

*Mann,* for the defendant. The addition of the name of Hardin Ford to the note as an attesting witness, rendered it void. Whatever varies the proof of a contract, is a material alteration, as much as a change in the terms. If James Ford ever signed the note, Hardin never attested his signature, and unless Hardin attested it, proof of Hardin's signature would not be legal evidence that James signed; but Hardin's name being on the note, if he were not present to tes-

tify, proof of his handwriting would be sufficient to set up the note. So that the adding of his name was a substantial alteration as it respects the medium of proof. *Knill* v. *Williams*, 10 East, 431 ; *Marshall* v. *Gougler*, 10 Serg. & Rawle, 164 ; *Homer* v. *Wallis*, 11 Mass. R. 309. The addition of the name of Hardin Ford without his knowledge, must have been fraudulent.

But the nature of the contract was changed by this alteration ; and so this case comes within the rule, that a material alteration of the terms of an instrument vacates it. The parties mutually agreed to abide by the testimony of the subscribing witness ; they agreed that David Ford should be such witness, and that Hardin should not be. But in consequence of the alteration, Hardin must be called, as a witness, before any one else, except David. 1 Stark. on Evid. 330, 341 ; *Wright* v. *Wakeford*, 4 Taunt. 222. If the name of one subscribing witness had been cut off, that would have been deemed a material alteration, and would have avoided the note. *Wheelock* v. *Freeman*, 13 Pick. 165.

*Kingsbury*, for the plaintiff, to the point, that an alteration of a contract *not under seal* will not render it void, unless it be material, cited *Hunt* v. *Adams*, 6 Mass. R. 519 ; *Homer* v. *Wallis*, 11 Mass. R. 309 ; *Bank of America* v. *Woodworth*, 18 Johns. R. 315 ; and to the point, that the interest of Albert Ford was wholly divested, *Boynton* v. *Turner*, 13 Mass R. 391 ; *Hockless* v. *Mitchell*, 4 Esp. R. 86.

PUTNAM J. afterward drew up the opinion of the Court. We think that all objection made against the competency of Albert Ford, as a witness, was effectually removed. His interest was supposed to arise from his being one of the heirs of the plaintiff's intestate. But he has, for a valuable consideration expressed, assigned to the plaintiff all the right he might have from a recovery by the plaintiff in this suit, and so is not interested in the amount to be recovered in this action.

But then it was contended, that as the plaintiff may fail in his suit, he may charge the estate for the costs and charges which may arise in the prosecution of the same, and so the distributive share of the witness in the estate may be, in that

event, lessened ; and therefore that his interest still is, that the plaintiff should prevail.

This objection is obviated by the undertaking of the plaintiff made in writing and delivered to the witness, in virtue of which the plaintiff would be precluded from making any such charge against the estate. And this paper would enable the witness to prevent the allowance of any such charge by the Probate Court.

The witness is not personally liable ; for it does not appear, that the suit has been commenced or is carried on by his procurement. So it seems to us, that in no case will the witness gain or lose by the event of this suit. He was a competent witness.

But it has been contended, that the court erred in instructing the jury, that the addition of the name of Hardin Ford, under the name of David Ford, a subscribing witness, was not a material alteration of the note, if the jury believed that David Ford subscribed his name thereto. The jury have affirmed that fact by their verdict for the plaintiff. We are to take it to have been proved, that the note was duly witnessed by David Ford, and that the jury found, that James Ford signed the note as a promisor.

Then the question is, whether the putting the name of another or second subscribing witness, is a material alteration of a note in a case where there was the name of one subscribing witness before, who had attested the note as such. And we think it was not a material alteration. It was not suggested, that David Ford the promisee, now deceased, made the addition, nor that the note was not in the state in which it now is, when it was delivered to and accepted by him. And no fraud was suggested to have been practised by him.

If there had not been a subscribing witness, the note would have been barred in the course of time by the statute of limitations. The adding the name of a subscribing witness without the consent of the maker of the note, would essentially have altered the terms of the contract. It would have taken it out of the operation of the statute of limitations, against the consent and probable intent of the maker. That would have been a material alteration. And accordingly in *Homer* v. *Wallis,*

Ford
v.
Ford.

11 Mass. R. 309, it was held, that the procuring a witness not present at the making of a promissory note, afterwards to put his name thereto as a witness, was a material alteration of the note. But the note in the case at bar was not at all affected by the putting the name of a second subscribing witness. One would be as good as two or twenty. The instruction was correct.

But it has been contended, that the defendant had a right to use the depositions procured and filed by the plaintiff, which the plaintiff did not choose to read himself. This matter is set-tled by the 10th of the Regulæ Generales, 16 Mass. R. 373 " But the party producing a deposition, may, if he see fit, withdraw it during the same term in which it is originally filed ; in which case it shall not be used by either party." It can make no difference that a number of depositions are tied to-gether. The party may well exercise his discretion as to using one or more of them, as if they were severally authenticated.

On the whole, our opinion is, that the judgment should be rendered for the plaintiff, according to the verdict