## Loftus, Admr., Appellant, *v.* Miners Nat. Bank of Pottsville.

Argued May 24, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. F. Mahoney,* with him *Charles E. Berger,* for appellant.

*Cyrus G. Derr,* with him *Geo. M. Roads, Prall B. Roads* and *W. K. Woodbury,* for appellee.

PER CURIAM, June 30, 1932:

This is an action of assumpsit to recover the sum of $2,646.40 with interest, being the amount of money on deposit in defendant bank to the credit of Anton Marx at the time of his death. The action was instituted by Barbara Marx, executrix of decedent, and sole legatee under his will, but she having died since the opinion of the court below was filed, the administrator d. b. n., c.t.a. is plaintiff in this appeal.

The defense to payment of the sum in question was the transfer of the amount involved to the credit of John A. Marx, son of testator, by a check, alleged to have been signed by the father and presented to the bank eight days before the latter's death. There was also offered in evidence a power of attorney, which purported to be signed by Anton Marx and authorized the son, John A. Marx, "to receive all money which I have deposited in the Miners National Bank of Pottsville, said money to be transferred in whole to said John A.

Marx to be drawn out at any time he wishes to do so." The names of two witnesses were appended, Fred Wagner and David J. Davis; the latter being an alderman, he also affixed his seal and the date of expiration of his commission. During the trial it was brought out that Fred Wagner was not present at the execution of the power of attorney, but signed his name two days later at the instigation of John A. Marx. There is no evidence that either the defendant or Anton Marx knew of or authorized the signature of the additional witness to the paper. The trial judge submitted the question of the execution of the power of attorney and the check to the jury, which returned a verdict for plaintiff; the verdict being equivalent to a finding that the instruments were forgeries. After argument of motions for judgment n. o. v. and a new trial, the court granted a new trial on the ground that the testimony as to the execution of the power of attorney deserved full credence and that the verdict was clearly against the weight of the evidence and entirely due to prejudice. Plaintiff has appealed from this order.

The first assignment of error pertains to the action of the trial judge in admitting in evidence the power of attorney. Appellants contend the addition of the name of a subscribing witness after execution of the instrument is a material alteration which renders it void and inadmissible. See Swank v. Kaufman, 255 Pa. 316, and cases cited therein. This is the general rule in this State and applies to instruments which, either because of their negotiable character or their commercial importance, are deemed to need protection from fraud or falsification, but it does not extend to all documents regardless of their nature. Each case involving the materiality of an alteration to a written instrument must stand much more on its own facts than upon the rules announced in any given case: Craighead v. McLoney, 99 Pa. 211, 214; Newman v. Cover, 300 Pa. 267, 272.

It has been held that even in the case of bonds and notes, the addition of a subscribing witness after execution of the instrument is an immaterial alteration, if it has no influence upon the operation of the statute of limitations or upon the proof of execution, and particularly so where the change is effected without fraudulent intent. See 24 L. R. A. (N. S.) 1155 and L. R. A. 1917 D 828 where the cases are collected. In Barnard v. Kell, 271 Pa. 80, we held that after execution of a deed, the addition of the name of a person familiar with the handwriting of the grantor as a subscribing witness, did not change the legal effect of the instrument. In the present case, there is no evidence that Wagner, whose name was added after the time of signing had knowledge of the handwriting of Anton Marx but this alone does not determine the issue.

The case of Ford v. Ford, 34 Mass. 418, is similar to the present case in principle. It was there held that putting the name of a second subscribing witness to a note, where there was already the name of one subscribing witness, was not a material alteration. In like manner, we are of the opinion, in this case the addition of the name of Wagner to the power of attorney, which had been signed and witnessed properly and was valid and complete at the time, was an immaterial alteration. It follows that the trial judge was not in error in admitting the paper in evidence.

By his second assignment of error appellant argues that the court below abused its discretion in awarding a new trial. There is nothing in the record to indicate a flagrant abuse of discretion on the part of the court below and we will not reverse unless such action clearly appears: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Reist v. Wogan, 281 Pa. 107. That the court has the power to grant a new trial if the verdict be contrary to the weight of the evidence is undoubted. The only question which confronts us is whether the character of the evidence was such as reasonably

to enable the lower court so to conclude. In our opinion the evidence amply sustains the action of the court below.

The order of the court below awarding a new trial is affirmed.