Marko, Appellant, *v.* Mendelowski.

Argued September 26, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James L. Kennedy,* for appellant.

PER CURIAM, November 27, 1933:

In this action of ejectment the controversy is between defendant, Pauline Mendelowski, and an execution creditor of her husband. Plaintiff appeals from the order of the lower court awarding a new trial.

We have frequently said we will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Loftus, Admr., v. Miners National Bank, 308 Pa. 362; Krenitsky v. Kelly, 309 Pa. 234. In the present case the opinion of the trial judge states: "The *principal reason* why the court granted a new trial was because we inadvertently placed too heavy a burden upon the defendant-wife." This is far from saying that this reason was the only ground which influenced the court. The fact that only one question is indicated in the opinion of the trial court "will not be treated by us as conclusive proof that the point or question thus accentuated controlled the entry of the order appealed from": Class & Nachod Brewing Co. v. Giocobello, supra, page 537. The order here appealed from must be affirmed.

Moreover, assuming that the lower court awarded a new trial exclusively for the reason that the charge misled the jury on the question of the degree of proof, we find no error in so doing. In this case defendant lived with her husband on the premises in suit, record title to which was in the wife. The principal issue was whether the property had been purchased by defendant with money from her separate estate. The trial judge charged the jury: "Where property is claimed by a married woman as against the creditors of her husband,

she must show, *by evidence which does not admit of a reasonable doubt,* either that she owned it at the time of her marriage, or else acquired it afterwards by gift, bequest or purchase; in case of a purchase after marriage, the burden is upon her to prove distinctly that she paid for it with funds which were not furnished by her husband. In the absence of such proof, the presumption is a violent one that her husband furnished the means of payment. And this rule applies to the purchase of real as well as personal property." (Italics ours.)

Although this is the principle laid down in Gamber v. Gamber, 18 Pa. 363, and other early decisions, it is not the modern rule as stated in Heiges v. Pifer, 224 Pa. 628, and cases there cited. There the high degree of proof demanded before the passage of the Married Women's Property Acts was considerably lessened. We said in the latter case, page 629: "It is an established rule of evidence that a wife claiming property acquired during coverture against her husband's creditors is required to substantiate her claim by proof sufficient to repel all adverse presumptions. But the law does not require proof of such a character as to relieve from every doubt but only proof that is clear and satisfactory. A mere doubt will not operate to defeat the wife's claim."

In Hilton v. Liebig, 59 Pa. Superior Ct. 460, the precise point raised here by appellant was before the court and passed upon. The Superior Court, relying upon the rule stated in Heiges v. Pifer, supra, held it was error to charge that the wife must prove her title by evidence which does not admit of a reasonable doubt. The view there taken has been confirmed by our subsequent decisions. See Cameron, Secretary of Banking, v. Peoples' Bank of Maytown, 297 Pa. 551; Peoples Savings & Dime Bank & Trust Co. v. Scott, 303 Pa. 294.

The order of the lower court is affirmed at appellant's cost.