Kuskie, Administrator, *v.* Western & Southern Life Insurance Company, Appellant.

Argued April 27, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*D. C. Jennings,* for appellant.

*Charles Nussbaum,* for appellee.

OPINION BY TREXLER, P. J., October 3, 1934:

This is an action of assumpsit begun January 23, 1930 on a policy of industrial life insurance. It has been tried three times in the court below and each trial resulted in a verdict for the plaintiff. Before the third trial, on November 1, 1932, the court below was asked to allow an amendment to the defendant's affidavit of defense in which the question was raised for the first time that the insured had understated her age; that she, when insured, was 57 and not 40. It is claimed that, even if the jury would again decide in favor of the plaintiff as to her right to recovery, the amount would be $223.33, that being the sum payable if the correct age be 57 years, instead of $500, the sum payable if the correct age were 40. The court refused the amendment. The allowance or refusal of an amendment is largely within the discretion of the lower court, and we do not think it erred. The matter introduced was entirely new. The defendant offered no definite excuse for its delay in not sooner raising the question. The plaintiff has had the trouble and expense of two trials. If the amendment were allowed, he, or the estate he represents, would be put to the additional expense of meeting a new situation by securing the witnesses which would be required, some of whom might have been available at the beginning of the suit, but by the lapse of time may not now be within reach. Under the circumstances, it would seem that the officer of the defendant who submitted to the court the additional affidavit, alleged to be based upon his own knowledge and on information received from others, should have informed the conscience of the lower court as to the sources from which such informa-

tion was received, and how it happened that the facts so long escaped his notice. "When a defendant asks leave to file a supplemental affidavit of defense setting forth facts which had been previously unknown to him and of which he could not have acquired knowledge by the exercise of reasonable diligence, it would be perfectly proper for the court to allow the new pleading to be filed": Dever v. Kathrins & Golen, 82 Pa. Superior Ct. 140. The affidavit submitted by the defendant does not meet these requirements. The official who submitted the additional pleading merely stated that the new matter was unknown to him, but gives no reason why it took almost three years to become aware of it.

The other plea made by the appellant to this court is that the verdict was "against the fair preponderance of the evidence," and that the refusal of a new trial by the trial judge, her associates in banc joining, was error. It has been settled by a long line of decisions that the action of the lower court in granting or refusing a new trial will not be reversed except in cases of clear abuse of discretion. The remarks of the Supreme Court in the case of Koch v. Imhof, 315 Pa. 145, apply. In that case the ground on which the request of a new trial was premised was that "the verdict was against the weight of the evidence." The comment of the court was:

"This implies that there was some evidence from which the jury could have found that appellant was negligent, and hence was liable to plaintiffs. This being so, the controversy is at an end, so far as we are concerned. Ordinarily we are not interested in, nor will we consider the weight of the evidence on the one side or the other, as shown by the record of a trial in the court below; that was subject for the jury primarily, for the court below secondarily, and, in the absence of a clear abuse of discretion, is not,

on appeal, a matter for review by the Supreme Court: Trainer v. Fort, 310 Pa. 570, 577; Williams v. Southern Mutual Ins. Co., 312 Pa. 114, 121. This is especially true here, since the trial judge who saw and heard the witnesses, when they gave their testimony, is far better able to give due weight thereto, than the Supreme Court can be on an appeal: Clarkson v. Crawford, 285 Pa. 299; Com. ex rel. v. Snyder, 294 Pa. 555. Hence, one who asserts that a trial judge abused his discretion in granting or refusing to grant a new trial, has a heavy burden to carry; too heavy, indeed, unless he can show a clear abuse of discretion by the court below: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; First Nat. Bank of N. J. v. Cattie Bros., 285 Pa. 202; Marko v. Mendelowski, 313 Pa. 46." In the present case, as in that no such clear abuse of discretion is even alleged in the assignment of error, nor does a study of the record disclose it.

The assignments of error are overruled, and the judgment is affirmed.