## Hitchay *v.* Phillips, Appellant.

Argued October 8, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel W. Pringle,* of *Dalzell, Dalzell, McFall & Pringle,* for appellant.

*Thomas F. Garrahan* and *H. W. McIntosh,* for appellee, were not heard.

PER CURIAM, November 26, 1934:

While walking alongside of a public road, plaintiff was struck by an automobile driven by defendant, and sued to recover for injuries received in the accident. At the trial, defendant offered in evidence a release discharging him from all liability and acknowledging receipt of $250 in payment of injuries sustained; the release was received over objections. Plaintiff claimed misstatements and misrepresentations by defendant's representative had induced him to sign the paper. A verdict was directed for defendant.

Subsequently a motion for new trial was denied by a majority of the court in banc because they did not believe "any injustice was done plaintiff in view of the fact that the injuries were not serious." The trial judge, however, took the view that it was error to give binding instructions since the validity of the release had been questioned. A reargument of the motion for new trial was had, at which time counsel for plaintiff contended he had not been permitted to offer all of his evidence as to the extent of plaintiff's injuries. A new trial was awarded for that reason. Defendant appeals.

Upon the state of the record before us we cannot say that it was an abuse of discretion for the court below to grant a new trial, and our rule is well settled that on an appeal from the award of a new trial we will not reverse unless a clear abuse of judicial discretion appears: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Marko v. Mendelowski, 313 Pa. 46.

The order of the court below is affirmed.