## Engel *v.* Werner, Appellant.

Argued March 13, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Oscar G. Wickersham,* of *Wickersham & Wickersham,* with him *Harry E. Buffington,* for appellant.

*Morris Metzger,* of *Metzger & Wickersham,* for appellee.

PER CURIAM, April 15, 1935:

The plaintiff, Joseph Engel, brought this action in assumpsit against the defendant, as executrix of Paul H. Werner, deceased, to recover the amount of three promissory notes given him by Werner in his lifetime. The jury rendered a verdict in favor of the defendant. The plaintiff moved for a new trial, which the court granted. The defendant has appealed.

The law applicable, in an appeal from an order granting a new trial, is well stated in the opinion of the Supreme Court in Marko v. Mendelowski, 313 Pa. 46, 169 A. 99, as follows: "We have frequently said we will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Loftus, Admr. v. Miners National Bank, 308 Pa. 362; Krenitsky v. Kelly, 309 Pa. 234 ....... The fact that only one question is indicated in the opinion of the trial court 'will not be treated by us as conclusive proof that the point or question thus accentuated controlled the entry of the order appealed from': Class & Nachod Brewing Co. v. Giacobello, supra, page 537."

In the present case the order granting a new trial was not based upon some rule of law,— determined by us to be erroneous, — which necessarily controlled the outcome of the case and was certified by the trial judge as the sole reason for his action; but because the learned trial judge was of opinion that the jury must have disregarded material facts in evidence in the case. He, evidently, was satisfied that the ends of

500

justice would be served by the award of a new trial. Feeling so, it was within his discretion to order a new trial, unless the case was wholly without evidence to support his conclusion. We find no abuse of discretion in his action.

The order is affirmed.