## Cervi, Appellant, *v.* Mori.

Argued April 21, 1936.

Before CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Jas. L. Kennedy,* for appellant.

*Paul W. Mahady,* of *Mahady & Mahady,* for appellee.

OPINION BY STADTFELD, J., July 10, 1936:

This is an action of trespass which resulted in a verdict for the plaintiff in the sum of Five Hundred ($500) Dollars. Thereupon the plaintiff moved for a new trial upon the ground of inadequacy of the verdict. This motion was heard before the trial judge and an opinion and decree overruling the motion was handed down by WHITTEN, J. A petition seeking a reargument on the motion for a new trial before the court in banc was granted. On argument, all of the judges concurred

in the adoption of the opinion of the trial judge and dismissed the motion.

The plaintiff, Lena Cervi, conducted a general store in the town of Loyalhanna, Pa., from August, 1929, until April 2, 1934. This store was situated in a building which was owned by her father until his death in 1933. Pasquale Mori, the father, left all his real and personal property by will to John Mori, his son, the defendant herein. The said will was being contested at the time of the trial of this case.

It is a matter of dispute as to who sold the store business to Lena Cervi. The plaintiff contends that it was the father, Pasquale Mori, who sold the business to the plaintiff and her husband, and that the husband died in January, 1933, plaintiff succeeding to his share in the business; that she owed her late father about $1,400 on the stock of goods she purchased from him. The defendant, John Mori, contends that he sold the business to her for $3,900, and that the only payments made upon the principal were merchandise taken from the store by the defendant and accounted for by him in monthly statements to his sister, the plaintiff. These statements made and delivered by the defendant to the plaintiff, also contained good-will credits which, on two occasions, amounted to $1,000. These statements also showed the balance due and owing. By virtue of these credits, i. e., for good-will and groceries, the balance of the debt alleged to be due the defendant was reduced to $1,300 during the period from August, 1929, to April 2, 1934.

Upon the purchase of this business, plaintiff, her husband and family, moved into the building owned by her father, Pasquale Mori, and occupied by the store, and thereafter continued in possession of the store, a wareroom, a kitchen and living-room on the same floor as the store, and four rooms on the second floor of said

building. John Mori, the defendant, a brother of the plaintiff, occupied the remaining portion of the building, conducting therein the post office and other business.

At and prior to April 2, 1934, plaintiff claimed that she had conducted a prosperous business, both cash and credit, and that she had between 150 and 200 customers; that the year previous to April 2, 1934, plaintiff had done a business of $14,806.28; that the net profit therefrom was 7%; that she met all her bills promptly and her credit was first class.

She claimed that on April 2, 1934, she had outstanding accounts of $5,463.47, with good prospect of collecting them, but by reason of the conduct of defendant, she had been able to collect only $225; that she had reduced her indebtedness to her father and mother for the stock of merchandise from $4,200 to around $1,400, in addition to affording herself a good means of livelihood and steady employment and wages for her two sons and daughter-in-law.

By a supplemental statement, plaintiff claimed that on or about the 7th day of April, 1934, defendant forcibly seized and took possession of a filling station, in possession of plaintiff and used for the purchase and sale of gasoline, oil and other products, and thereby deprived her of the use, benefit and profits derived by her therefrom.

Plaintiff claimed that without any previous demand, without any notice whatsoever, and without any warning, the defendant, on the early morning of April 2, 1934, gained entrance to plaintiff's store by a back door, and without asking leave or saying a word, in the presence of the plaintiff, rifled the cash register of plaintiff's money, amounting to two dollars and some cents, terrorized plaintiff so that she became frightened and bewildered, took forcible possession of the store

and thence forward denied plaintiff all right to wait on customers; that defendant evicted plaintiff from the store, and, a few days later, forced her out of the building entirely, she being required to find living quarters elsewhere; that the stock of goods in the store, valued at around $700 was appropriated by defendant.

Plaintiff further claimed that by reason of defendant's conduct, the good-will of her business had been destroyed, as also her credit and financial standing, and claimed compensatory as also punitive damages.

John Mori, the defendant, testified that he made no threats to injure the plaintiff at any time; that on April 2nd, 1934, upon learning that his sister had announced that she was quitting business, he went to the store; that the plaintiff was present; he took possession of the store, and that neither the plaintiff nor her family made any objection thereto; that he collected no accounts due the plaintiff, but that he sent her debtors to her to pay their bills; that on the evening of April 2nd, 1934, he told the plaintiff she could take anything she wanted from the store; that the plaintiff had the key to the store until the 10th of April when the same was sold to Frank Branter for $498; that he made an inventory of the goods in the store on April 2nd, 1934, and that the appraised value thereof was $351.57; that on April 3rd, 1934, he offered to return the store to the plaintiff, but that the plaintiff did not accept the offer; that he did not take possession of the service station; and the defendant further claimed the plaintiff was indebted to him in the sum of $200 for unpaid rent; and that he did not give the plaintiff formal notice to vacate the store prior to April 2nd, 1934.

The court submitted the case to the jury in a clear and comprehensive charge to which no exceptions were taken. The court instructed the jury to disregard any

alleged indebtedness from plaintiff to defendant, or from plaintiff to her late father's estate. He correctly instructed the jury on the question of the measure of damages, if any, to which she might be entitled accordingly as the alleged seizure was with the consent of plaintiff or not, and the circumstances under which punitive damages might be awarded. These instructions are not the subject-matter of complaint.

The first assignment of error is to the overruling the motion for new trial. It is claimed that the verdict is inadequate.

It is a remarkable and outstanding fact in this case that at no time when defendant was taking possession of the store, did plaintiff make any complaint or enter any objection.

Under the most favorable view for plaintiff, her right of possession would have expired on August 1, 1934. Under these circumstances, the element of good-will could not have been an important factor. In addition, the stock of goods at the time of purchase in 1929, amounted to $3,900 or $4,900, while on April 2, 1934, the date of the alleged eviction, it did not amount to more than $700, if we take the testimony on behalf of plaintiff, or $351.57, if we take the testimony on behalf of defendant. In addition, plaintiff was indebted to defendant for rent in the sum of $110 as admitted by plaintiff, or $200 as claimed by defendant. This would not tend to indicate a growing or prosperous business at the time of the alleged eviction.

The undisputed testimony showed that plaintiff's daughter took possession of the books of account at the time of the alleged eviction from the store. It also appears that defendant, after taking possession of the store, sent to plaintiff, the latter's debtors to pay their bills. There was no testimony to support the claim that

defendant had taken forcible possession of the filling station.

If the jury believed the testimony ex parte defendant, that possession of the store was taken with the. consent of plaintiff, there could be no recovery of punitive damages.

As stated in Thompson et al. v. Swank, 317 Pa. 158, 176 A. 211, at p. 159: "Punitive damages will be allowed for torts that are committed wilfully, maliciously, or so carelessly as to indicate wanton disregard of the rights of the party injured. *Such conduct must appear affirmatively in the evidence. It cannot be presumed.*" (Italics supplied).

On the question of the value of the goods taken, the testimony presented a question of fact for the jury which was properly submitted by the court, and the verdict is sustained by the weight of the evidence.

The jury might readily find from the evidence, that the plaintiff consented to defendant's taking possession of the premises, but that there was no consent to the appropriation of the goods in the store.

The granting or refusal of a motion for a new trial rests in the sound discretion of the lower court. It is only for an abuse of that discretion that an appellate court will reverse: Murray v. Hoffman, 115 Pa. Superior Ct., 148, 175 A. 293; see also Kuskie, Admr. v. Western & Southern Life Ins. Co., 114 Pa. Superior Ct., 593, 174 A. 585; Hitchay v. Phillips, 316 Pa. 290, 175 A. 389; Stein v. N. Y. Life Ins. Co., 319 Pa. 225, 179 A. 589.

The second assignment of error relates to permitting defendant's attorney to interrogate plaintiff in cross-examination, as to the contents of her father's will under which he gave and bequeathed all of his property to the defendant. This testimony was not objected to at the time, nor any motion made to strike it out, nor any

exception taken which might be the basis of an assignment of error. The existence of the will of the father of plaintiff and defendant, or its validity, were not in controversy in the present case and the question, therefore, did not assume a fact in controversy. The case of Kirschman v. Pitt Publishing Co., 318 Pa. 570, 178 A. 828, is readily distinguishable from the instant case. At all events, we do not think that the question is properly before us.

The third assignment of error relates to the exclusion of the testimony as to the amount of the savings account of defendant in the First National Bank of Latrobe. As the ownership of this account was in controversy at the time, the same having been impounded by the Orphans' Court, the exclusion of the evidence was not erroneous. In addition, the verdict of the jury indicates that plaintiff was not entitled to punitive damages. The matter is therefore of no importance in the disposition of this appeal.

We believe that the case was ably tried and fairly submitted, and that the verdict is sustained by the weight of the evidence.

The assignments of error are overruled and judgment affirmed.