Girard Trust Company, Trustee, *v.* George V. Cresson Company et al., Appellants.

Argued January 4, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*I. Irving Tubis,* with him *J. Lawrence Wetherill,* for appellants.

*W. Richardson Blair* and *Wintersteen & Williams,* for appellee, were not heard.

OPINION BY MR. JUSTICE MAXEY, March 22, 1939:

Plaintiff was the holder of a first mortgage of $125,000 and defendants the holders of a second mortgage of $250,000 on premises at 18th and Allegheny Avenue, Philadelphia. In February, 1933, defendants became the owners of the real estate by foreclosure and on October 25, 1937, plaintiff instituted foreclosure proceedings by sci. fa. sur mortgage against defendants.

As a bar to plaintiff's attempt to foreclose, defendants filed an affidavit of defense to the sci. fa. and subsequently upon plaintiff's rule defendants filed their plea by way of confession and avoidance, asserting an extension agreement entered into on January 4, 1933, and

contending that the consideration for this agreement was the payment of $22,500 and the obtaining of a lease satisfactory to the plaintiff. Plaintiff agreed not to foreclose until October 1, 1933. In the midst of the trial, defendants' counsel conceded that the plaintiff "carried this agreement out" and asked leave to amend the affidavit of defense by adding thereto the following: "And by oral agreement entered into on August 8, 1933, plaintiffs agreed with the defendants that they would not foreclose the said mortgage if the defendants would procure for the premises a lease, the terms of which would be satisfactory to the plaintiff." Defendants procured a prospective tenant and contended that on August 8, 1933, they submitted to plaintiff a lease which the latter subsequently approved and that plaintiff agreed not to foreclose its mortgage during the term of the lease which expires May 1, 1939, with an option to the tenant to renew for a further term of five years. Plaintiff denied entering into this latter agreement and contended that all testimony concerning it was oral and that it was flatly contradicted by plaintiff's witnesses.

The trial judge submitted to the jury the question of whether or not an agreement had been entered into on August 8, 1933. Plaintiff (appellee here) in its paper book complains: "In charging the jury, no attempt was made by the trial court to clarify the issues presented. The agreement of January 4, 1933, was out of the case, yet the trial court emphasized said agreement in its charge." At the conclusion of his charge, the trial judge refused the points for instructions to the jury submitted by both sides and noted an exception for each. On April 11, 1938, the jury brought in a verdict for the defendants and on April 13th the court below allowed plaintiff to file a general exception to the charge. Plaintiff's motion for judgment n. o. v. was refused but its motion for a new trial was granted, the court below saying, inter alia: "The court did charge that there was a burden on the defendants to establish a defense in this case by a

preponderance of the evidence. We feel that this was not sufficiently emphasized, as we should have gone further in indicating to the jury how it should measure the evidence of the defendants to see if it met the test of the greater weight of evidence being in favor of their contention, if any. For this reason, a new trial was granted." From this order defendants appealed.

In their "statement of questions involved," appellants ask: "Did the lower court err in granting a new trial, where it assigned as sole reason therefor its failure to sufficiently charge the jury as to weight of the evidence, where no exceptions were taken to such failure to charge and general (not specific) exceptions were filed two days after the verdict and one day after the motion for new trial was filed?"

We find no abuse of discretion on the part of the court below in granting a new trial for the reasons the court assigned. We said in *Sears v. Birbeck,* 321 Pa. 375, 383, 184 A. 6: "It is a primary duty of the trial judge—a duty that must never be ignored—in charging a jury to clarify the issues so that the jury may comprehend the questions they are to decide. Such clarification is impossible without clear instruction as to the burden of proof, the shifting of the burden in certain states of the record, and if plaintiff has offered prima facie proof of what he has pleaded, the duty then devolving on the defendant to come forward with evidence. See *Henes v. McGovern,* 317 Pa. 302, 176 A. 503." All the court below said in its charge to the jury in respect to the burden of proof is as follows: "Ordinarily the burden is on the plaintiff to prove the facts because the plaintiff is the one complaining; they have the burden of establishing to you the facts on which they need to rely, but in this case the plaintiff depends on a mortgage which it had and which it sued out, and the defense has been asked to present to you a defense which is an affirmative defense —not a contradiction, not a denial; they are coming in to establish to you that something affirmative took

place." The court below also refused plaintiff's request for charge, as follows: "Having admitted the facts comprising plaintiff's claim, the defendants have the burden of proving by a preponderance of the evidence that the alleged agreement was entered into." The charge of the court on the matter of the burden of proof thus did not meet the measure of adequacy laid down in the Birbeck case, supra. The granting of a new trial was therefore entirely proper in the interest of justice.

We have said in many cases: "We will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action": *Marko v. Mendelowski*, 313 Pa. 46, 169 A. 99; *Loftus, Admr., v. Miners Nat. Bk.*, 308 Pa. 362, 162 A. 227; *Krenitsky v. Kelly*, 309 Pa. 234, 163 A. 450. "Courts of general common-law jurisdiction have inherent power to grant, or to refuse, such motions [i. e., for new trials], because courts of general jurisdiction, in civil actions, have by the principles of the ancient common law the power to correct errors in their own proceedings, and therefore a right to set aside verdicts and to grant new trials. This inherent power will not be deemed to have been abrogated by statute unless the intent so to do is clear. The power of trial courts of general jurisdiction to grant new trials is not arbitrary, however, but is based upon judicial discretion, that is, a legal discretion, to be exercised according to principles ascertained by adjudged cases, because the ground for granting a new trial must be a legal one": 20 Standard Ency. of Procedure, page 395. Vol. 6 of Standard Penna. Practice, page 256, sec. 16, lays down this principle: "Except where the motion for a new trial is made upon the ground of an error in law occurring at the trial, an application for a new trial is addressed to the sound legal discretion of the trial court and should be

granted only when the substantial rights of the petitioner have been so violated as to make it reasonably clear that a fair trial was not had. The exercise of this discretion in the granting or refusing of a new trial is conclusive, unless abused, in which case it is subject to correction on review by an appellate court."

In *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 121 A. 333, this court reviewed fully the question of the granting of new trials in civil cases and said: "From the above review, it may be seen that an order awarding a new trial is one from which an appeal lies; but in such cases the errors complained of have been considered only [1] when appellant alleged the order to be based on a mistake of law involving the assertion of a power which, under the circumstances attending its exercise, was not possessed by the court below, or [2] when the court certified the precise grounds on which its award rested, or [3] when the record plainly demonstrated that the reason claimed by appellant as causing the grant of the new trial was in fact the sole one which influenced the court below in making the order assigned as error. Furthermore, the authorities indicate that because the opinion of the trial court refers to only one question, or a single point in the case, this fact will not be treated by us as conclusive proof that the point or question thus accentuated controlled the entry of the order appealed from; and, before we will proceed to a review, it must appear that testimony is not to be passed on by us, unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted; moreover, in all instances the point for our determination must be so conclusive of the whole case that nothing is left but to enter the judgment which its decision requires. . . . Finally, if the appeal turns on an alleged abuse of discretion, it must be palpable; and, should an important question in the case not be raised on the record in such a way as to permit of its considera-

tion on appeal, this, of itself, may warrant the grant of a new trial."

Under the well established rules of this court governing appeals of this character, we find no reason for reversing the action of the court below.

The judgment is affirmed.