## Schonhardt, Appellant, v. Pittsburgh.

Argued October 29, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

156

 

*Alexander Cooper*, with him *Arnold J. Lange*, for appellant.

*John F. McDonough*, Assistant City Solicitor, with him *Wm. Alvah Stewart*, City Solicitor, for appellee.

PER CURIAM, November 25, 1940:

This appeal is by plaintiff from an order granting a new trial. The sole cause assigned for the order is misconduct of a juror, which the learned court said ". . . made it perfectly clear that defendant could not expect an impartial trial at her hands." The court in its opinion, written by the able and experienced trial judge, said:

"Very early in his charge, the trial judge, after instructing the jury as to the burden of proof cast upon the plaintiff, but before he had reviewed the testimony, asked the rhetorical question: 'Has she met that burden?' Immediately, one of the jurors nodded her head very vigorously in the affirmative. The trial judge promptly cautioned the juror against forming or expressing any opinion on any point until after he had completed his charge and the jury had retired to deliberate on its verdict, and at the conclusion of his charge had the action of the offending juror noted as part of the record. Counsel for defendant knew of the juror's conduct only from the remarks of the court and,

probably for that reason, did not move to withdraw a juror and continue the case. But we feel that, as stated by the Supreme Court in *McKahan v. The B. & O. R. R. Co.*, 223 Pa. 1-6, 'On the instant, the court should, of its own motion, have taken notice of the misconduct of the juror and, after discharging him from further service and continuing the case, imposed a proper penalty upon him.' "

We have said in many cases: " 'We will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action' ": *Girard Trust Co., Trustee, v. George V. Cresson Co.*, 333 Pa. 418, 422, and cases cited there.

The court below in the exercise of its sound legal discretion granted a new trial because it felt that only in that way could a fair trial be had, and feeling as it did, in good conscience, it could not have done less. We think its action fair and proper under the circumstances.

Order affirmed.